**(120 So. 388)**

**No. 29113.**

**GODCHAUX SUGAR, Inc., v. HOME INSURANCE COMPANY.**

Jan. 28, 1929.

Rehearing Denied Feb. 25, 1929.

John C. Hollingsworth, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

BRUNOT, J. This is a suit upon the following policies of insurance: Policy No. 11826, dated July 6, 1925, for the sum of $16,000; policy No. 12737, dated August 18, 1925, for the sum of $3,800; and policy No. 13795, dated October 8, 1925, for the sum of $4,000. Plaintiff alleges that these policies cover loans and advances made on bottomry to the

auxiliary schooner Katherine. The defendant alleges that, under a preliminary agreement with the plaintiff, the policies sued upon covered only perils of the sea, and, if the wording of the policies differ from that agreement, the policies should be reformed. The case was tried on these issues, the loss of plaintiff was established, and, from a judgment in favor of plaintiff for $6,325, with legal interest from January 1, 1926, and costs, the defendant appealed.

The record discloses that the plaintiff purchased sundry bags of raw sugar in Manila to be loaded on board ship and transported to New Orleans, and thence to its factory, to be converted into refined sugar. The sugar was loaded on the auxiliary schooner Katherine. During the course of the voyage of the Katherine, at Port Said, Gibralter, and at the Port of Basse Terre, St. Christopher, the vessel was in distress for lack of fuel, and funds to pay the wages of its crew, and for necessary repairs to the vessel, etc. The funds required to enable the vessel to proceed upon its voyage were furnished by plaintiff. These advances were made on bottomry bonds against the vessel in favor of plaintiff. The defendant was notified of said advances, and, in consideration for the premiums specified in the policies of insurance, the defendant executed and delivered to plaintiff contracts or policies of insurance covering said loans on bottomry.

In the trial in the district court, the learned judge, upon the objection of the plaintiff, ruled out the testimony offered by defendant in support of its contention that the policies of insurance should be reformed, for the reason that defendant's pleadings did not authorize or justify the admission of such proof. We have carefully read the pleadings, and concur in the correctness of the lower judge's ruling.

The coverage clause of the three policies sued upon is as follows:

"Covering Advances and/or Loans made on Bottomry.

"This insurance indemnifies the assured against any loss, total or partial, caused by the loss of vessel or freight pledged, through sea peril *or by the postponement of the lien of the assured on the vessel and freight to prior liens subsequently arising.*" (Italics by the court.)

In this case the plaintiff sues for reimbursement for its loss of the amount of its advances to the auxiliary schooner Katherine by reason of the' postponement of its liens to prior liens subsequently arising.

We think the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.